**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| WANDA KING | CIVIL ACTION |
| VERSUS | |
| TRAVIS JAMES HEBERT, ET AL | 17-406-SDD-EWD |

### **ORDER**

This matter is before the court on the *Motion to Set Aside Entry of Default*[1] filed by Defendants, Burnell Thompson, III, Douglas Thompson, Daryl Davis, and Lanny Bergeron, (collectively "Defendants"). Plaintiff filed a *Request for Entry of Default*[2] on October 2, 2017. The Clerk of Court entered an *Order of Default*[3] against the Defendants on the same day. Defendants filed a *Motion to Dismiss*[4] the following day and the instant *Motion* to vacate the entry of default. Plaintiff has not filed an opposition to Defendants *Motion* as required by Local Rule 7(f).[5] Accordingly, the Court finds that Plaintiff has no opposition to the relief requested in the Defendants' *Motion*.

---

[1] Rec. Doc. 16.
[2] Rec. Doc. 10.
[3] Rec. Doc. 13.
[4] Rec. Doc. 15.
[5] Local Rule 7(f) states: Each respondent opposing a motion shall file a response, including opposing affidavits, memorandum, and such supporting documents as are then available, within 21 days after service of the motion. Memoranda shall contain a concise statement of reasons in opposition to the motion, and a citation of authorities appearing therefor, a respondent may be required to file a response and supporting documents, including memoranda, within such shorter or longer period of time as the court may order, upon written ex parte motion served on all parties.

46235

## I. LAW & ANALYSIS

In general, the Fifth Circuit has stated that, "[d]efault judgments are 'generally disfavored in the law and thus should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement.'"[6]

"Under Federal Rules of Civil Procedure 55(c) and 60(b), a district court may set aside an entry of default or default judgment for 'good cause.'"[7] In determining whether good cause exists, the Fifth Circuit has delineated three factors to consider: 1) whether the default was willful, 2) whether setting it aside would prejudice the adversary, and 3) whether a meritorious defense is presented.[8] Other factors the court may consider include whether the defendant acted expeditiously to correct the default.[9] "While courts apply essentially the same standard to motions to set aside a default and a judgment by default, the former is more readily granted than a motion to set aside a default judgment."[10]

In their *Opposition*, Defendants attribute the delay in filing responsive pleadings to a delay between service of process and notification to counsel of record.[11] Specifically, Defendants assert that the delay in notification was caused by Plaintiff's failure to serve the Louisiana Department of Public Safety and Corrections, the Office of Risk Management, and the Louisiana Attorney General.[12] This issue is currently pending

---

[6] *Jefferson v. Louisiana Dep't of Pub. Safety & Corr.*, 401 F. App'x 927, 929 (5th Cir. 2010)(quoting *Lacy v. Sitel Corp.*, 227 F.3d 290, 291–92 (5th Cir. 2000)).
[7] *Lacy,* at 291–92 (5th Cir. 2000).
[8] *Matter of Dierschke*, 975 F.2d 181, 184–85 (5th Cir. 1992).
[9] *Id.* at 185.
[10] *Id.* at 184.
[11] Rec. Doc. 16-1, p. 3.
[12] *Id.*

before the Court and will be addressed accordingly. Second, Defendants contend that the Plaintiff will not be unduly prejudiced by vacating the default. This contention is further supported by Plaintiff's decision not to oppose the instant *Motion.* Finally, Defendants assure the Court that the delay in filing responsive pleadings was in no way willful and have since filed meritorious defenses in their pending *Motion to Dismiss*.[13]

Taking into account the assertions made in Defendants' *Opposition* and Plaintiff's failure to oppose this motion, the Court finds that Defendants' failure to timely file responsive pleadings was not willful in nature. Defendants filed responsive pleadings one day after the clerk's entry of default, thus presenting a meritorious defense to Plaintiff's complaint. The Court also finds that the Plaintiff would not be prejudiced by setting aside the entry of default. There is nothing to support the entry of default besides Defendants failure to meet the requirement of a timely answer.

## II.  CONCLUSION

For the reasons set forth above, Defendants' *Motion to Set Aside Clerk's Entry of Default*[14] is GRANTED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>July 6, 2018</u>.

*/s/ Shelly D. Dick*
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[13] Rec. Doc. 15
[14] Rec. Doc. 16.
46235