| | |
|---|---|
| WANDA KING | CIVIL ACTION |
| VERSUS | |
| TRAVIS JAMES HEBERT, ET AL | NO. 17-406-SDD-EWD |

## ORDER

Before the Court is a *Motion to Dismiss*[1] Pursuant to Rule 12(b)(4), (5), and (6) of the Federal Rules of Civil Procedure filed by Defendants, Burnell Thompson, III ("B. Thompson"), Douglas Thompson ("D. Thompson"), Daryl Davis ("Davis"), and Lanny Bergeron ("Bergeron") (collectively "Defendants"). Plaintiff, Wanda King ("King"), has filed an *Opposition*.[2] For the following reasons, Defendants' motion is DENIED.

**I.    Brief Factual Background**

King filed the instant lawsuit against Defendants on June 28, 2017 alleging violations of her rights under the Fourth and Fourteenth Amendments of the United States Constitution and also State Law Claims under Article I, Section 5 of the Louisiana Constitution.[3] Specifically, King alleges that Defendants violated 42 U.S.C. § 1983 when she was subjected to an unreasonable search and seizure following a motor vehicle accident.

In her *Complaint*, King alleges she was struck by a vehicle being driven by Deputy Travis Hebert of the Iberville Parish Sheriff's Department while walking across the

---

[1] Rec. Doc. 15.
[2] Rec. Doc. 24.
[3] Rec. Doc. 1.
47048

intersection of LA-1 and Castro Street in Plaquemine, Louisiana.[4] Shortly thereafter, King alleges that Defendants, Louisiana State Police Officers, arrived on the scene to conduct and or supervise the investigation of the accident. After being transported to Our Lady of the Lake Hospital's Emergency Care Unit, Defendants, D. Thompson, Davis, and Bergeron, ordered B. Thompson to obtain a blood sample from King to determine if she was intoxicated. King alleges that B. Thompson "requested and observed RN Leigh Ann Trepagnier draw [her] blood to test it for intoxication."[5] King alleges that Defendants did not have probable cause, did not obtain a warrant, and did not receive her consent to have her blood taken for such testing; thus, this act violated her Fourth Amendment right to be free of unreasonable search and seizure.

Defendants now seek dismissal of Plaintiff's claims based upon insufficient service of process and failure to state a claim. Specifically, Defendants allege that Plaintiff did not follow the requirements of La. R.S. 39:1538 for service on Louisiana State Employees and Officials. Additionally, Defendants allege that Plaintiff has failed to state a cognizable claim because she has not alleged an injury or damages as a result of a constitutional violation.

## II. Law and Analysis

### a. Motion to Dismiss for Improper Service

Defendants' *Motion* seeks dismissal under Rule 12(b)(4) and Rule 12(b)(5) of the Federal Rules of Civil Procedure. Although Rules 12(b)(4) and 12(b)(5) may appear to be similar, there is a distinction. "Rule 12(b)(4) is the proper challenge when the

---

[4] Rec. Doc. 22, pp. 2-5.
[5] *Id.* at pp. 6-7.
47048

respondent alleges that the summons and complaint do not properly name the party on whom the summons and complaint were served."[6] Whereas, Rule 12(b)(5) of the Federal Rules of Civil Procedure allows for the dismissal of a complaint for insufficiency of service of process.[7] Defendants do not argue that they were incorrectly named on the summons or complaint; instead, they argue that service was ineffective. Accordingly, Defendants' *Motion* is considered under Rule 12(b)(5), and the burden is on the Plaintiff to show that service was valid.[8]

Under Rule 4(e) of the Federal Rules of Civil Procedure, an individual within the Middle District of Louisiana may be served by: "(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally…"[9]

Defendants argue that Plaintiff's suit should be dismissed because she failed to request service of summons upon the head of the Louisiana Department of Public Safety and Corrections, the Office of Risk Management, and the Attorney General in accordance with La. R.S. 39:1538. However, Plaintiff was not required to effect service pursuant to state law as this case was originally filed in federal district court where the Federal Rules of Civil Procedure apply. Defendants' argument fails to take into account the second provision of Rule 4(e) which allows service on the individual personally.[10]

---

[6] *Nicholson v. Wise*, No. CIV.A. 08-0110, 2008 WL 2051747, *2 (W.D.La. Apr. 7, 2008).
[7] *Id.*
[8] *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435-36 (5th Cir. 1981).
[9] Fed. R. Civ. P. 4.
[10] Fed. R. Civ. P. 4(e)(2)(A).
47048

Here, the record reflects that Defendants were each served personally within ninety days as required by Rule 4(e) and (m). Defendants have submitted no case law to support the position that Defendants are required to be served under La. R.S. 39:1538 when they have otherwise been served properly under Fed. R. Civ. P. 4. Accordingly, Defendants' motion to dismiss based on improper service is DENIED.

### b. Motion to Dismiss Under Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[11] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[12] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[13] In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[14] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[15] However,

---

[11] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[12] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).
[13] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).
[14] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and brackets omitted) (hereinafter *Twombly*).
[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal citations omitted) (hereinafter "*Iqbal*").

47048

"[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[16] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[17] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[18] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[19]

### c. Pleading Standard for § 1983

"Section 1983 imposes liability on anyone who, under color of state law, deprives a person 'of any rights, privileges, or immunities secured by the Constitution and laws.'"[20] In order to state a claim under 42 U.S.C. § 1983, the plaintiff must establish two elements: "(1) that the conduct in question deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States; and (2) that the conduct complained of was committed by a person acting under color of state law."[21] As for the first element, 42 U.S.C. § 1983 only imposes liability for violations of rights protected by the United States Constitution—not for violations of duties of care arising out of tort law.[22] As to the second element, a "plaintiff must identify defendants who were either personally

---

[16] *Twombly*, 550 U.S. at 570.
[17] *Iqbal*, 556 U.S. at 678.
[18] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[19] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
[20] *Blessing v. Freestone*, 520 U.S. 329, 340 (1997).
[21] *Jones v. St. Tammany Parish Jail*, 4 F.Supp.2d 606, 610 (E.D.La. 1998). *See also*, *Elphage v. Gautreaux*, 2013 WL 4721364, *5 (M.D. La. Sept. 3, 2013).
[22] *Griffith v. Johnston,* 899 F.2d 1427, 1436 (5th Cir. 1990).

47048

involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged."[23]

"The performance of official duties creates two potential liabilities, individual-capacity liability for the person and official-capacity liability for the municipality."[24] Official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent. However, to be liable in one's official capacity under Section 1983, the defendant must have been delegated policy-making authority under state law. In contrast, a state actor may have Section 1983 liability in his/her individual capacity for actions causing the deprivation of a federal right taken under color of state law.

Here, Plaintiff alleges that the Defendants violated her Fourth Amendment rights when they ordered and obtained a blood sample to determine if Plaintiff was intoxicated without probable cause, consent, or a search warrant.[25] The United States Supreme Court has long maintained that the procurement of a blood sample is a violation of the Fourth Amendment when taken without probable cause, consent, or incident to a search warrant.[26] Additionally, Plaintiff alleges that all Defendants were acting under color of state law as they were all employed by and acting on behalf of the Louisiana Office of State Police.[27] Therefore, Plaintiff has met the two requirements for stating a claim under section 1983 for violation of her Fourth Amendment right to be free from unreasonable searches and seizures.

---

[23] *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995).
[24] *Turner v. Houma Mun. Fire & Police Civil Serv. Bd.,* 229 F.3d 478, 484 (5th Cir. 2000).
[25] Rec. Doc. 22, pp. 6-7.
[26] *See Schmerber v. California*, 384 U.S. 757, 770–72 (1966).
[27] Rec. Doc. 22, pp. 2-3.
47048

Defendants do not argue that Plaintiff failed to allege a violation of her constitutional rights. Instead, Defendants argue that Plaintiff's action must be dismissed because she failed to allege an injury or damage as a result of the constitutional violation. As stated above, Plaintiff has met the two requirements in order to state a claim under section 1983. Furthermore, a violation of a person's constitutional rights is injury in and of itself. Both the Supreme Court and the Fifth Circuit have stated, "a party who proves a violation of [her] constitutional rights is entitled to nominal damages even when there is no actual injury."[28] Here, Plaintiff's *Complaint* contains allegations that she suffered *both* a violation of her constitutional rights and actual physical injury as a result of the blood draw.[29] Thus, she has pled sufficient injury to survive a motion to dismiss.

Finally, Defendants argue that Plaintiff failed to allege facts against D. Thompson, Davis, and Bergeron. On the contrary, Plaintiff alleges that all three officers were involved in the investigation and/or supervision of the underlying automobile accident and collectively made the decision to order and obtain a blood sample from the Plaintiff. Specifically, the Complaint states:

> Upon information and belief, Defendant D. Thompson, Defendant D. Davis, and Defendant L. Bergeron, as troopers investigating the crash and resulting injuries, directly ordered Defendant B. Thompson III to obtain a blood sample to determine if Plaintiff was intoxicated. Defendants D. Thompson, D. Davis, and L. Bergeron gave such direction despite knowledge that such an order was in clear violation of Plaintiff's constitutional rights as set forth herein.[30]

---

[28] *Lewis v. Woods*, 848 F.2d 649, 651 (5th Cir. 1988)(citing *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 106 (1986)).
[29] Rec. Doc. 22, pp. 14-15.
[30] *Id.* at p 6.
47048

Accepting all these facts as true and taking them in the light most favorable to the Plaintiff, the Court finds that Plaintiff has alleged that the Defendants each had personal involvement in making the decision to violate Plaintiff's Fourth Amendment right. Thus, under the pleading standards set by the Supreme Court in *Twombly* and *Iqbal*, Plaintiff has succeeded in stating a claim against defendants under section 1983.

### III. Conclusion

For the foregoing reasons, Defendants' *Motion to Dismiss*[31] under Fed. R. Civ Proc. 12(b)(4), (5), and (6) is **DENIED**.

Baton Rouge, Louisiana the 12th day of September, 2018.

_____
**SHELLY D. DICK, CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[31] Rec. Doc. 15.